UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

TWENTIETH CENTURY FOX FILM        )
CORP., et al.,                    )
                                  )
            Plaintiffs,            )
                                  )
       vs.                        )     No. 4:07-CV-01249 (CEJ)
                                  )
CINDY JORDON,                     )
                                  )
            Defendant.             )

                       **MEMORANDUM AND ORDER**

   This matter is before the Court on plaintiff's motion for default judgment against defendant in this action for copyright infringement pursuant to 17 U.S.C. § 101 et seq.

   **I.   Background**

   Plaintiff is the copyright owner or licensee of exclusive rights with respect to certain copyrighted motion picture. Defendant Cindy Jordon has used an online media distribution system to download the copyrighted motion picture, to distribute that motion picture to other users of the system, and/or to make the copyrighted motion picture available for distribution to others without the permission or consent of plaintiff. Plaintiff filed this action on July 11, 2007, and copies of the summons and complaint were served on defendant on July 12, 2007. The defendant has not filed an answer or other responsive pleading. Consequently, on September 20, 2007, the Clerk of Court entered default against defendant.[1]

---

[1] Because of the defendant's default, the unopposed allegations of the complaint are deemed to be true. See Angelo Iafrate Const., L.L.C. v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004); Fed.R.Civ.P. 55(b)(2).

Plaintiff has submitted the affidavit of Karen R. Thorland in support of their motion. Ms. Thorland avers that the defendant is not an infant or incompetent person, and that the defendant is not in active military service.

Plaintiff seeks statutory damages of $6,000, an injunction, and an award of costs and attorney's fees in the sum of $2,504.16.

**II.  Discussion**

**A.  Statutory Damages**

Plaintiff must satisfy two requirements to present a prima facie case of direct infringement: (1) it must show ownership of the allegedly infringed material, and (2) it must show that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. See 17 U.S.C. § 501(a); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001).

Defendant's use of an online media distribution system to copy the copyrighted motion picture and to distribute that motion picture to other users of the system constitutes direct copyright infringement. See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 125 S.Ct. 2764, 2778, 2782 (2005). See also A&M Records, Inc., v. Napster, Inc., 234 F.3d 1004, 1014 (9th Cir. 2001) (individuals who upload and download files on online media distribution systems are direct copyright infringers).

Section 504 of Title 17 provides in part: "[T]he copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages of all infringements involved in the action, with respect to any one work . . . in a sum of not less than

$750 or more than $30,000 as the court considers just." Trial courts have wide discretion in setting damages within this statutory range. F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 231-32 (1952). The statute seeks to compel restitution of profit and reparation for injury in addition to discouraging wrongful conduct. Id. at 233.

In their application for default judgment, plaintiff requests that the Court award damages of $6,000 for one infringed work, the motion picture *Supercross*. Plaintiff has submitted a copy of the copyright registration [Pl. Exh. A] for *Supercross* and the affidavit of Elizabeth Hardwick. Ms. Hardwick is an employee of MediaSentry, a company which identifies and investigates motion picture piracy on peer-to-peer networks. Ms. Hardwick states that MediaSentry employees found that *Supercross* was available for download from defendant's IP address. MediaSentry also located information that allowed an Internet Service Provider to identify defendant as the account holder associated with the IP address to which the motion picture was downloaded.

Plaintiff notes that the damages requested exceed the minimum statutory damages amount of $750. Plaintiff claims that the larger damages award is justified because the defendant's infringement occurred while the motion picture was still playing in theaters, before it had been released on DVD/home video. Thus, plaintiff argues, defendant's infringement deprived plaintiff not only of potential revenue generated by home video sales, but also of potential revenue from theater ticket sales. Defendant made the

pirated motion picture available for download by other users of a peer-to-peer network, subjecting the work to repeated and ongoing infringement. Finally, the copyright holder incurred significant expense in hiring MediaSentry to obtain the evidence against defendant. The Court finds that an award of $6,000 damages is supported by the evidence.

**B.   Injunctive Relief**

Plaintiff argues it is entitled to an injunction prohibiting defendant from unlawfully infringing plaintiff's copyrights. Section 502(a) of Title 17 provides: "Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Plaintiff alleges that defendant's conduct is causing irreparable injury that cannot be fully compensated or measured in money. Plaintiff need not show irreparable harm because the default against defendant satisfies the element of success on the merits. Sony Music Entm't, Inc. v. Global Arts Prod., 45 F.Supp.2d 1345 (S.D. Fla. 1999). Defendant's use of an online media distribution system makes plaintiff's copyrighted work available to massive, repeated, worldwide infringement. Aimster, 334 F.3d at 646-47.

The requested injunction prohibits infringement of all copyrighted motion pictures owned by plaintiff, even those not listed in the complaint. This request also covers works to be created in the future. When a "history of continuing infringement" is present and "a significant threat of future infringement remains," a permanent injunction is appropriate. Olan Mills, Inc. v. Linn Photo Co., 23

4

F.3d 1345, 1349 (8th Cir. 1994) (citation omitted). The Court will grant plaintiff's request for a permanent injunction.

**C.   Costs**

Plaintiff is entitled to an award of costs as the prevailing party, pursuant to 17 U.S.C. § 505. Plaintiff has requested $664.60 in costs and has submitted sufficient documentation, in compliance with 28 U.S.C. § 1920. The Court will award plaintiff $664.60 in costs.

**D.   Attorney's Fees**

Under 17 U.S.C. § 505, the prevailing party is also entitled to attorney's fees. The documentation submitted by plaintiff reflects that attorney's fees in the amount of $1,839.56 were incurred in prosecuting this action. The Court finds that the amount of time expended and the hourly rates charged by plaintiffs attorneys were reasonable. Thus, the judgment will include an award of attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [# 14] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of December, 2007.